**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EARL GODHIGH, *et al.*,

        Plaintiffs,

  v.

SEARS HOLDING CORPORATION, *et al.*,

        Defendants.

        /

No. C 09-765 SI

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

    Defendants' motion to dismiss and motion to strike are scheduled for a hearing on May 1, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing.

    In response to defendants' motions, plaintiffs agree that the fifth claim for relief for conversion should be dismissed and that the requests for punitive damages and disgorgement should be stricken. The only contested issue is whether plaintiffs may seek civil penalties pursuant to California's Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2699 *et seq.*, for defendants' alleged violation of its obligation to keep proper employee time and payroll records, and for defendants' alleged violation of California's maximum consecutive workdays laws. In order to seek civil penalties under PAGA, plaintiffs must first exhaust their administrative remedies with California's Labor and Workforce Development Agency ("LWDA"). The employee must give written notice to both the LWDA and the employer "of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a). The LWDA must then either "notify the employer and the aggrieved employee . . . by certified mail that it does not intend to investigate the alleged violation," or not respond within 33 calendar days to the employees' notice. *Id*.

§ 2699.3(a)(2)(A).

Here, although the first amended complaint alleges that plaintiffs have exhausted their administrative remedies, plaintiffs' opposition papers state that they submitted notice to the LWDA on January 28, 2009, after this lawsuit was filed, and that the claim is still pending with the LWDA. Defendants correctly note that the statute provides that a civil action under PAGA "shall commence only *after* [certain] requirements have been met." Cal. Lab. Code § 2699.3(a) (emphasis added). Accordingly, the Court finds that plaintiffs may not seek civil penalties pursuant to PAGA until their administrative remedies have been exhausted.

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss and to strike. Docket Nos. 14 & 15. The Court also GRANTS plaintiffs leave to amend the complaint once the administrative process has been completed.

**IT IS SO ORDERED.**

Dated: April 27, 2009

SUSAN ILLSTON
United States District Judge