**BRYAN CAVE LLP**
Julie E. Patterson, California Bar No. 167326
jepatterson@bryancave.com
Jesse E.M. Randolph, California Bar No. 221060
jesse.randolph@bryancave.com
Nikol M. Kim, California Bar No. 260866
nikol.kim@bryancave.com
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone:  (949) 223-7000
Facsimile:  (949) 223-7100

Attorneys for Defendant
SEARS HOME IMPROVEMENT
PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL GODHIGH, an individual, MARIA BRAGA, an individual, LISA GLASS, an individual, DANIEL OLIVARES, SR., an individual, CYNTHIA OROZCO, an individual, ALAN BOHN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SEARS HOLDING CORPORATION, a corporation; SEARS HOME IMPROVEMENT PRODUCTS, INC.; a corporation, SEARS ROEBUCK AND CO., a corporation,<br><br>Defendants. | Case No. C 09-765 SI<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

IR01DOCS404314.1

        Plaintiffs Earl Godhigh, Maria Braga, Lisa Glass, Daniel Olivares, Sr., Cynthia Orozco, and Alan Bohn (collectively, "Plaintiffs"), and Defendant Sears Home Improvement Products, Inc. ("SHIP"), by and through their respective counsel of record, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree as follows:

        WHEREAS, counsel for Plaintiffs and SHIP have served, and/or intend later to serve, discovery requests directed to the opposing parties; and

        WHEREAS, it appears likely to counsel for Plaintiffs and SHIP that their clients' responses to such discovery requests may reveal legally-protected trade secrets, privacy-protected information, and/or other confidential and proprietary information.

        NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that the following procedures shall be employed and the following terms, conditions, and restrictions shall govern with respect to all discovery made by any party to this case including all summaries, extracts, and material derived from this case (hereinafter "information"), as well as all filings made in this case:

        1.     Any party or other person producing information in this case may, in good faith, designate information as CONFIDENTIAL, if its disclosure would constitute an invasion of the privacy of or may cause competitive or financial injury to the party or other producing person, or any third party. At the time of production or other disclosure of CONFIDENTIAL information, the producing party or other person shall place the word CONFIDENTIAL on each such document or other material. If it is not possible to label the material in this manner, the producing party or other party shall use another designation that will identify the CONFIDENTIAL information with sufficient specificity to permit counsel to adhere to the provisions of this Protective Order. Only that portion of the document or information so specified shall be considered CONFIDENTIAL and subject to the provisions of this Protective Order.

2. The designation of information as CONFIDENTIAL shall not be considered conclusive or binding on any party, and such designation may be contested by noticed motion at any time. However, unless and until an Order of this Court sets aside a CONFIDENTIAL designation, all documents and information so designated shall be treated as CONFIDENTIAL pursuant to the terms of this Protective Order.

3. Any CONFIDENTIAL information that is produced shall be produced only to counsel of record for the parties in this litigation. Counsel for any party who obtains any CONFIDENTIAL information from any other party shall protect it and its contents from all disclosure to anyone, save for the persons designated in this paragraph. Counsel of record may disclose CONFIDENTIAL information where necessary to the proper preparation for, and trial of, this case, to:

(a) their employees and employee equivalents (e.g., contract paralegals, etc.);

(b) independent experts hired only for the purpose of aiding counsel of record in connection with counsel's preparation for trial (who shall have no ownership interest in or business relationship with any other party named in this litigation or any competitor of SHIP);

(c) witnesses and deponents testifying under oath, and the certified shorthand reporter conducting the deposition;

(d) the parties to this litigation;

(e) this Court and members of its staff;

(f) the jury in this matter; or

(g) any person or entity that the parties hereafter jointly agree, in writing, may receive such information

Counsel shall distribute this Protective Order to all such persons referenced in subsections (a), (b), (c), (d), and (g) above and shall require that said persons read this

IR01DOCS404314.1

2

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
(Case No. C 09-765 SI)

1  Order and agree to be bound by its terms by signing the Acknowledgment form attached
2  hereto as Exhibit A.
3      4.    Whenever any CONFIDENTIAL information is introduced or used at a
4  deposition, those portions of the deposition that concern CONFIDENTIAL information (a)
5  shall be conducted in such a way that only persons authorized by this Protective Order to
6  have access to such matters are present; and (b) shall be separately bound after
7  transcription and marked as CONFIDENTIAL, and then shall be deemed to be subject to
8  the terms of this Protective Order.  For convenience, if a deposition transcript or exhibit
9  contains repeated references to CONFIDENTIAL material which cannot conveniently be
10 segregated from non-CONFIDENTIAL material, any party may request that the entire
11 transcript or exhibit be designated as CONFIDENTIAL.  CONFIDENTIAL information
12 may only be elicited or used in depositions of parties, or persons employed by parties, who
13 produced such information and only if the person deposed has knowledge of such
14 information, has agreed to be bound by the terms of this Protective Order, and reviewed
15 and signed Exhibit A.
16     5.    Counsel may show CONFIDENTIAL material to a witness at a deposition
17 and examine that witness concerning the same, provided that such counsel must, in the
18 course of the deposition, inquire as to whether the witness agrees to be bound by the terms
19 of this Protective Order.  If the witness does not so agree, then neither the witness nor his
20 counsel, if any, may retain or be given any copy of the CONFIDENTIAL material
21 including, but not limited to, a copy of any pages of the transcript of the deposition that are
22 designated CONFIDENTIAL.  In the event of such refusal by the witness, the reporter
23 shall be instructed to give the witness written notice when the transcript has been prepared,
24 stating that the witness may inspect the transcript and its exhibits in the reporter's office,
25 and that if the original deposition transcript is not signed within thirty (30) days after the
26 date of the notice, it will be used as if it had been signed.  The witness shall not be
27 furnished with a copy of portions of the deposition transcript or exhibits that have been
28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS404314.1

3

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
(Case No. C 09-765 SI)

1  designated as CONFIDENTIAL.  If the witness does not sign the original deposition
2  transcript within thirty (30) days after the date of the written notice described in this
3  paragraph, the deposition transcript may be used as if it had been signed.

4      6.     Failure of counsel to designate testimony or exhibits as CONFIDENTIAL
5  during a deposition shall not constitute a waiver of the confidentiality of the testimony or
6  exhibits.  Upon receipt of the transcript of the deposition, counsel shall be entitled to
7  designate specific pages and lines of the transcript or exhibits as CONFIDENTIAL;
8  however, any other party shall be entitled to treat the transcript or exhibits as non-
9  CONFIDENTIAL material until such time as the CONFIDENTIAL designation is made.

10     7.     Whenever any party wishes to file with the Court, introduce, or use at trial, a
11  hearing, or any other proceeding any CONFIDENTIAL information, that party shall
12  provide written notice to all parties and to the Court prior to disclosing or filing the
13  CONFIDENTIAL information.  Thereafter, any party may file an Administrative Motion
14  to File Under Seal, pursuant to Rule 79-5 of the Local Rules of the United States District
15  Court for the Northern District of California, to have all filings and disclosures containing
16  CONFIDENTIAL information filed under seal.  If a party moves the Court in this fashion,
17  all such filings and disclosures containing CONFIDENTIAL information shall be lodged
18  and filed with the Court in the manner set forth in Local Rule 79-5 until the Court makes
19  such rulings and provides direction to the parties as to how to file such CONFIDENTIAL
20  information thereafter.

21     8.     If any CONFIDENTIAL material is provided to a discovering party without
22  being marked as CONFIDENTIAL, the failure so to mark the material shall not be deemed
23  a waiver of its confidentiality.  Until the material is designated as CONFIDENTIAL by the
24  producing party, however, the discovering party shall be entitled to treat the material as
25  non-CONFIDENTIAL.  Upon designation, such material shall be treated as
26  CONFIDENTIAL in accordance with the provisions of this Protective Order.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS404314.1

4

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
(Case No. C 09-765 SI)

9. Within thirty (30) days after the termination of this action, discovering counsel shall return to producing counsel all documents including, without limitation, deposition, trial, hearing, or other transcripts containing information designated as CONFIDENTIAL, as well as all copies thereof, and shall return or destroy any extracts, summaries, or material derived from the information. In addition, the Clerk of this Court shall return to producing counsel all documents, transcripts, exhibits and any other materials containing information designated as CONFIDENTIAL that have been filed with this Court.

10. Nothing in this Protective Order is intended to or shall be deemed to limit the parties from any further use of CONFIDENTIAL information (or information derived therefrom) which a party or its or his agent has itself (or himself) produced, generated, or obtained other than through discovery in this action.

11. Nothing in this Protective Order is intended to or shall be deemed to limit, circumscribe, or evade the requirements of Rule 3-17(a) of the Local Rules of the United States District Court for the Northern District of California, which requires the redaction of certain personal identifying information (e.g., Social Security Numbers, dates of birth, financial account numbers, names of minor children) of documents filed with the Court. The parties and their counsel will abide by the requirements of Rule 3-17(a) irrespective of any arguably-conflicting language contained in this Protective Order.

12. Any summary, extract, briefs, or other material which is based on or refers to material containing CONFIDENTIAL information, shall be subject to this Protective Order only to the extent that it actually reveals CONFIDENTIAL information, as designated by the parties above. No summary, extract, briefs, or other material shall be considered CONFIDENTIAL merely by the fact that it is based on or refers to material containing CONFIDENTIAL information. The parties shall also have the option of redacting CONFIDENTIAL information in such a summary, extract, brief, or other material, rather than placing the entire document under seal.

13. If discovery is sought from non-parties which may involve CONFIDENTIAL material or information in the possession of that non-party, then counsel for the propounding party shall provide a copy of this Protective Order along with the discovery, and offer the non-party the opportunity to make the material or information it produces subject to this Protective Order.

14. This Protective Order is entered without prejudice to the right of any party to waive the applicability of this Protective Order as to any information produced by the party. Upon application to this Court or by noticed motion, any party may:

    (a)    Seek additional protective treatment for any information or documents which might become the subject of discovery;

    (b)    Object to the designation of any document as CONFIDENTIAL;

or

    (c)    Seek any modification of, or relief from, this Protective Order and such other relief as may seem appropriate. Prior to any such application or motion, counsel shall confer to try to reach an agreement without resort to this Court.

15. The terms of this Protective Order shall survive and remain in full force and effect after the termination of this lawsuit.

Dated: May 14, 2009

**BRYAN CAVE LLP**
Julie E. Patterson
Jesse E.M. Randolph
Nikol M. Kim

By: */s/ Julie E. Patterson*
       Julie E. Patterson
Attorneys for Defendant
SEARS HOME IMPROVEMENT PRODUCTS, INC.

|   |   |
|---|---|
| Dated: May 14, 2009 | **HOFFMAN EMPLOYMENT LAWYERS, LLP**<br>Michael Hoffman<br>Alec Segarich<br><br>By: /s/ *Michael Hoffman*<br>      Michael Hoffman<br>Attorneys for Plaintiffs<br>EARL GODHIGH, MARIA BRAGA, LISA GLASS, DANIEL OLIVARES, SR., CYNTHIA OROZCO, and ALAN BOHN |

### **ORDER**

Having read the foregoing Stipulation of the parties, and good cause appearing therefor, **IT IS SO ORDERED.**

Dated:

_____
Hon. Susan Illston
United States District Court Judge

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

I, _____, residing at _____ have read the foregoing Stipulation and Protective Order ("Order") in the civil action entitled <u>EARL GODHIGH, an individual, MARIA BRAGA, an individual, LISA GLASS, an individual, DANIEL OLIVARES, SR., an individual, CYNTHIA OROZCO, an individual, ALAN BOHN, an individual, Plaintiffs, vs. SEARS HOLDING CORPORATION; a corporation, SEARS HOME IMPROVEMENT PRODUCTS, INC.; a corporation, SEARS ROEBUCK AND CO., a corporation, Defendants,</u> United States District Court for the Northern District of California, Case No. C 09-765 SI (the "Action"). I agree to be bound by its terms with respect to any documents designated as "CONFIDENTIAL" that are furnished to me as set forth in the Order, unless and until the Order is modified by further order of the Court. I further agree to return documents to the producing party or third party according to the terms of Paragraph 9 of that Order.

I hereby consent to the jurisdiction of the Court in which the Action is pending with respect to any proceedings to enforce the terms of the Order against me.

I hereby agree that any documents designated as "CONFIDENTIAL" that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will the information contained therein be imparted by me to any other person.

DATED: _____    _____
                                   (Signature)

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS404314.1

8

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
(Case No. C 09-765 SI)