HOFFMAN EMPLOYMENT LAWYERS, LLP
Michael Hoffman SBN 154481
Alec Segarich SBN 260189
100 Pine Street, Suite. 1550
San Francisco, CA 94111
Telephone:   (415) 362-1111
Facsimile:    (415) 362-1112
mhoffman@employment-lawyers.com

Attorneys for Plaintiffs

BRYAN CAVE LLP
Julie E. Patterson, California Bar No. 167326
jepatterson@bryancave.com
Jesse E.M. Randolph, California Bar No. 221060
jesse.randolph@bryancave.com
Nikol M. Kim, California Bar No. 260866
nikol.kim@bryancave.com
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Telephone:   (949) 223-7000
Facsimile:    (949) 223-7100

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL GODHIGH, an individual, MARIA BRAGA, an individual, LISA GLASS, an individual, DANIEL OLIVARES, Sr., an individual, CYNTHIA OROZCO, an individual, ALAN BOHN, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>SEARS HOLDING CORPORATION; a corporation, SEARS HOME IMPROVEMENT PRODUCTS, INC.; a corporation, SEARS ROEBUCK AND CO., a corporation,<br><br>    Defendants | CASE NO: C 09-00765 SI<br><br>**STIPULATION TO AMEND COMPLAINT**<br><br>**[PROPOSED] ORDER** |

Plaintiffs EARL GODHIGH, an individual, LISA GLASS, an individual, DANIEL OLIVARES, SR., an individual, CYNTHIA OROZCO, an individual, MARIA BRAGA, an individual, ALAN BOHN, an individual, DESAREE GREEN, an individual, IRMA STREET-MARTIN, an individual (collectively, "Plaintiffs") and Defendant SEARS HOME IMPROVEMENT PRODUCTS, INC. ("SHIP") hereby jointly stipulate to permit Plaintiffs to amend the operative Third Amended Complaint, and file the attached [Proposed] Amended Fourth Complaint

There is good cause for granting an order based on this stipulation, as discovery to date had demonstrated that the primary subclass ("Marketer Subclass") were left with only a single claim for expense reimbursements, as stated in the Ninth Cause of Action. Assuming that the Plaintiff Marketer SubClass claims have any merit, any claims are *de minimus* as the cell phone use was for only for a limited time, was optional, and Plaintiffs cannot show that they actually suffered any damages. Therefore, the Marketers remaining claim as stated in the Ninth Cause of Action has been amended to delete the Marketer Subclass from that cause of action and that therefore, MARIA BRAGA, DESAREE GREEN, IRMA STREET-MARTIN as Marketer Subclass representatives have also been deleted from the Complaint.

DATED: ~~August 10, 2009~~ 10-26-09

HOFFMAN EMPLOYMENT LAWYERS, LLP

/S/

Michael Hoffman
Attorney for Plaintiffs Earl Godhigh et al.

DATED: ~~August 10, 2009~~ 10-26-09

BRYAN CAVE LLP

/S/

Julie Patterson
Attorney for Defendant SHIP

STIPULATION TO AMEND COMPLAINT
[PROPOSED] ORDER
C 09-00765 SI

<strong>HOFFMAN EMPLOYMENT LAWYERS</strong><br/>100 Pine Street, Suite 1550<br/>San Francisco, CA 94111<br/>(415) 362-1111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL GODHIGH, an individual, MARIA BRAGA, an individual, LISA GLASS, an individual, DANIEL OLIVARES, Sr., an individual, CYNTHIA OROZCO, an individual, ALAN BOHN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SEARS HOLDING CORPORATION; a corporation, SEARS HOME IMPROVEMENT PRODUCTS, INC.; a corporation, SEARS ROEBUCK AND CO., a corporation,<br><br>Defendants | CASE NO: C 09-00765 SI<br><br>[PROPOSED] ORDER GRANTING STIPULATION TO AMEND COMPLAINT |

Based upon the Stipulation of the parties, the attached Plaintiffs' Fourth Amended Complaint may be filed



Judge Susan Illston
UNITED STATES DISTRICT COURT JUDGE

STIPULATION TO AMEND COMPLAINT
[PROPOSED] ORDER
C 09-00765 SI

HOFFMAN EMPLOYMENT LAWYERS, LLP
MICHAEL HOFFMAN SBN 154481
100 PINE STREET, STE. 1550
San Francisco, CA 94111
Tel    (415) 362-1111
Fax   (415) 362-1112
Email: mhoffman@employment-lawyers.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF CALIFORNIA

EARL GODHIGH, an individual, LISA GLASS, an individual, DANIEL OLIVARES, SR., an individual, CYNTHIA OROZCO, an individual, ALAN BOHN, an individual,

Plaintiffs,

vs.

SEARS HOME IMPROVEMENT PRODUCTS, INC.; a corporation,

Defendants.

**JURY TRIAL DEMANDED**

CASE NO: CASE NO: C 09-00765 SI

**PLAINTIFF'S [*PROPOSED*] FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

1. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS** (Cal. Lab. Code §§ 226, 226.3);
2. **WAITING TIME PENALTIES** (Cal. Lab. Code §§ 201-203);
3. **FAILURE TO MAINTAIN EMPLOYEE TIME RECORDS** (Cal. Lab. Code § 1174(d));
4. **UNFAIR COMPETITION** (Cal. Bus. & Prof. Code § 17200, et seq.)
5. **FAILURE TO PROPERLY COMPENSATE EMPLOYEES FOR ALL HOURS WORKED** Cal. Lab. Code §§ 201-203)
6. **COMMON COUNT**
7. **MISCLASSIFICATION AS EXEMPT**
8. **FAILURE TO PROVIDE ADEQUATE TIME OFF**
9. **FAILURE TO INDEMNIFY**

## GENERAL ALLEGATIONS

1. PLAINTIFFS EARL GODHIGH ("Mr. Godhigh"), MARIA BRAGA ("Ms. Braga"), LISA GLASS, ("Ms. Glass") DANIEL OLIVARES, SR. ("Mr. Olivares"), CYNTHIA OROZCO, ("Ms. Orozco") ALAN BOHN ("Mr. Bohn") DESAREE GREEN, ("Ms. Green" ), LISA NEW, ("Ms. New" ), IRMA STREET-MARTIN ("Ms. Irma Street-Martin") (collectively, "Plaintiffs") complain and allege as follows:

-1-
THIRD AMENDED Class Complaint for Wage Violations

2. Plaintiffs bring this class action and representative action to remedy wage and hour violations by Defendant SEARS HOME IMPROVEMENT PRODUCTS, INC. ("SHIPS"), or "Defendant"), who engaged in a pervasive and unlawful scheme to deprive their employees of the protections granted them by California wage and hour law. Plaintiffs bring this action on their own behalf and on behalf of the following class of individuals (the "Class Members"): Plaintiffs and all other persons who are or have been employed by Defendant as in-store marketers and in-store marketing supervisors in the State of California at any time from January 21, 2005, and continuing while this action is pending (the "Class Period").

3. During the Class Period, Defendants: (1) failed and refused to provide timely and accurate wage and hour statements to the Class Members; (2) failed and refused to pay compensation due to the Class Members in a timely manner upon their termination or resignation; (3) failed and refused to maintain complete and accurate payroll records for the Class Members; (4) converted the Class Members' earned wages to their own benefit; and (6) committed unfair business practices in an effort to increase profits and to gain an unfair business advantage at the expense of the Class Members and the public, and (7) improperly classified its employees as exempt  The foregoing acts and other acts by Defendants violate the California Labor Code, including sections 201, 202, 203, 226, 226.3, 510, 512, 551, 552, 558, and 1174(d), (collectively the "Employment Laws"), violated the applicable Wage Orders issued by the Industrial Welfare Commission of the State of California ("Regulations"), violated California's Unfair Business Practices Act, California Business & Professions Code sections 17200, et seq., and violated the Class Members' rights.

## THE PARTIES

4. Mr. Godhigh is, and at all relevant times was, a competent adult residing in Alameda County, California who performed work for defendants in Alameda County as an in-store marketing supervisor.

5. Ms. Glass is, and at all relevant times was, a competent adult residing in Contra Costa County, California who performed work for defendants in Alameda County as an in-store marketing supervisor.

6. Mr. Olivares is, and at all relevant times was, a competent adult now residing in Fresno County, California, who performed work for defendants in Alameda County as an in-store marketing supervisor.

7. Ms. Orozco is, and at all relevant times was, a competent adult residing in Los Angeles County, California a who worked for defendants as an in-store marketer.

8. Mr. Bohn is, and at all relevant times was, a competent adult now residing in San Diego County, California who worked for defendants as an in-store marketing supervisor.

9. Ms. Green is, and at all relevant times was, a competent adult residing in Contra Costa County, California a who worked for defendants as an in-store marketer.

10. Ms. New is, and at all relevant times was, a competent adult residing in Orange County, California a who worked for defendants as an in-store marketing supervisor.

11. Ms. Irma Street-Martin is, and at all relevant times was, a competent adult residing in Los Angeles County, California a who worked for defendants as an in-store marketer.

12. Ms. Braga at all relevant times was, a competent adult residing in Alameda County, California a who worked for defendants as an in-store marketer.

13. Defendant, SEARS HOLDING CORPORATION ("SHIPS") was a duly licensed PENNSYLVANIA Corporation duly licensed to do business within the County of Alameda. Defendant employed numerous Plaintiffs in Alameda County.

14. Plaintiffs are informed and believe and on that basis allege that there exists, and at all relevant times there has existed, a unity of interest and ownership between all Defendants, such that any separateness and individuality between them have ceased, and each is the alter ego and agent of the others. Adherence to the fiction of the separate existence of Sears Holding, Sears Home Improvement, and Sears Roebuck as an entity distinct from each other would permit abuse of any corporate privilege, sanction fraud and promote injustice.

15. Plaintiffs are currently unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 100, inclusive, and therefore sue those defendants by those fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

-3-
THIRD AMENDED Class Complaint for Wage Violations

16. Plaintiffs are informed and believe and on that basis allege that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 100, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.

### Administrative Remedies

17. Pursuant to California Labor Code Section 2699.5, as well as the holdings in *Caliber Bodyworks, Inc. v. Superior Court (Herrera)* (2005) 134 Cal.App.4th 365 and *Dunlap v. Superior Court (Bank of America, N.A.)* (2006) 142 Cal. App.4th 330, Plaintiffs are in the process of exhausting all administrative remedies and satisfied all private, administrative and judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to Plaintiff's Causes of Action brought pursuant to the Private Attorney General's Act, California Labor Code section § 2699 *et seq*. Specifically, Plaintiff sent written notice by certified mail to the Labor and Workforce Development agency (LWDA) and the employer including specific provisions of the Labor Code that have been violated and facts and theories to support said violations. After waiting the statutorily prescribed thirty-three (33) days, Plaintiff has not received notice that Defendants have cured any alleged violations and the LWDS has failed to notify Plaintiff of its intent to investigate the allegations contained in Plaintiff's written notice.

18. Pursuant to California Labor Code Section 2699.5, as well as the holdings in *Caliber Bodyworks, Inc. v. Superior Court (Herrera)* (2005) 134 Cal.App.4th 365 and *Dunlap v. Superior Court (Bank of America, N.A.)* (2006) 142 Cal. App.4th 330, Plaintiffs are not required to satisfy any other private, administrative or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of Plaintiffs' Causes of Action.

### SPECIFIC ALLEGATIONS

19. During the four years preceding the filing of this action, Defendants employed Plaintiffs and the other Class Members as both in-store marketers and in-store marketing supervisors at various locations in California, including the County of Alameda.

20. Plaintiffs began working for Defendants during the Class Period as an In-Store Marketing Supervisors and In-Store Marketers.

*(Left margin: HOFFMAN EMPLOYMENT LAWYERS, 100 Pine Street, Suite 1550, San Francisco, CA 94111, (415) 362-1111)*

21. When Plaintiffs received pay checks they would complain that there were various disparities: They complained that 1) expense reimbursement monies were not timely and fully paid, 2) that the proper confirmed leads per hour ("CLPH") bonuses that should have been received were inaccurate, 3) that employees were not receiving all of their CLPH monies, and 4) that the new hires were not receiving their $2.00 per hour bonuses for the first 8 weeks of employment. The bonuses complained about are nondiscretionary, because they were included in determining the regular rate of pay based upon hours worked, production, or proficiency, pursuant to the California Labor Code, as attached herein as Exhibit "A".

22. Plaintiffs were terminated for wage complaints, but the damages per each plaintiff do not exceed $75,000.00, for all damage, including wages.

23. Defendants also routinely pay the Class Members a set rate for each hour worked, without premium compensation for hours worked in excess of eight per day or 40 per week, and other incidents and conditions of employment which are required for non-exempt employees in California pursuant to the Employment Laws and Regulations.

24. Defendants routinely fail to pay accrued wages and other compensation due immediately to Class Members who are terminated and routinely fail to pay accrued wages and bonuses, expenses, and other compensation due within seventy-two hours to Class Members who end their employment with Defendants.

25. Defendants routinely fail to provide the Class Members with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that Class Member, and all applicable hours rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Class Member.

26. Defendants failed to maintain complete and accurate payroll records for each Class Member, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that Class Member and all applicable hours rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Class Member.

27. Plaintiffs are informed and believe and on that basis allege that Defendants violated other provisions of the Employment Laws and Regulations which provide for a civil penalty to be assessed and collected by the California Labor and Workforce Development Agency or its various departments, divisions, commissions, boards, agencies or employees.

28. Plaintiffs seek, on their own behalf and on behalf of the Class Members, bonuses pursuant to the CLPH scheme, and all benefits required pursuant to the Employment Laws and Regulations based on the sums withheld from them by Defendants, plus penalties, attorney's fees and costs as provided by statute.

29. The California Industrial Welfare Commission defines exempt employees as those employees, who, among other qualities, earn at least two (2) times the minimum wage. See I.W.C. Wage Orders 4 and 7, §§I(A)(1)(f); I(A)(2)(g); I(A)(3)(d). The minimum wage in California is eight dollars ($8.00) per hour. Thus, to be exempt from the requirements of the Labor Code and other Wage Orders, an employee must earn at least sixteen dollars ($16.00) per hour. Plaintiffs who were in-store marketing supervisors earned less than $16.00 per hour. They were instead paid less than double the minimum wage per hour. Plaintiffs who worked as in-store marketing supervisors were all misclassified as exempt by Defendants, and were paid accordingly.

30. Plaintiffs seek damages for all sums wrongfully obtained by Defendants through unfair business practices in violation of California Business & Professions Code sections 17200, et seq., to prevent the Defendants from benefitting from their violations of law and/or unfair acts. Such sums recovered under the Unfair Competition Act and Unfair Businesses Act are equitable in nature and are not to be considered damages. Plaintiffs are entitled to costs, attorney's fees, interest and penalties as provided for by the California Labor Code and California Business & Professions Code, and the Private Attorney General Act, California Code of Civil Procedure section 1021.5.

31. To the extent that any Class Member entered into any arbitration agreement with any Defendant and such agreement purports to require arbitration, any such agreement is void and unenforceable. Any such agreement was one of adhesion, was executed under duress,

-6-
THIRD AMENDED Class Complaint for Wage Violations

lacked consideration and mutuality, and failed to provide that Defendants would pay the costs of any arbitration, and was otherwise void under both California Labor Code section 229 and *Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal.4th 83 (2000).

## CLASS ACTION ALLEGATIONS

32. The Class Members seek payment of compensation owed to them under the CLPH bonus scheme, plus all benefits required pursuant to the Employment Laws and Regulations based on the sums that were withheld from them, plus penalties, attorney's fees and costs, as provided by statute.

33. The Class Members are so numerous that joinder of each such individual would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefit the parties, the Court and the interests of justice.

34. There is a well defined community of interest in the questions of law and fact involved affecting all Class Members in that Defendants' treatment of all Class Members as employees under the Employment Laws and Regulations affects all Class Members. Common questions of law and fact predominate over questions that affect only individual Class Members in that the Class Members' duties and activities were controlled and directed by Defendants with regard to the CLPH bonuses and $2.00 per hour bonuses for the first 8 weeks of employment, and other wage violations according to proof.

35. Plaintiffs' claims are typical of those belonging to other Class Members in that Plaintiffs' employment duties and activities were typical of the employment duties and activities of other Class Members, and denied the benefits and protections of the Employment Laws and Regulations in the same manner as the other Class Members.

36. Plaintiffs can adequately represent and protect the interests of all Class Members. Plaintiffs' counsel is competent and experienced in litigating class actions in California based on violations of the Employment Laws and Regulations.

## FIRST CAUSE OF ACTION:

### For Failure to Furnish Wage and Hour Statements

### Against all Defendants

### (California Labor Code Section 226)

37. Plaintiffs incorporate by reference and reallege paragraphs 1 through 37, inclusive, as though set forth fully herein.

38. During the Class Period, Defendants failed to provide the Class Members, including Plaintiffs, with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that Class Member, and all applicable hours rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Class Member.

39. As alleged herein, the Class Members, including Plaintiffs, are not exempt from the requirements of the Employment Laws and Regulations.

40. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations, in an amount less than $75,000 in the aggregate, per Plaintiff.

## SECOND CAUSE OF ACTION

### For Waiting Time Penalties

### Against all Defendants

### (California Labor Code Sections 201 through 203)

41. Plaintiffs incorporate by reference and reallege paragraphs 1 through 34, inclusive, as though set forth fully herein.

42. During the Class Period, Defendants failed to pay the Class Members, including Plaintiffs, accrued wages, CLPH bonuses and $2.00 per hour bonuses for the first 8 weeks of employment, and other compensation due immediately upon termination or within seventy-two hours of resignation, as required.

43. As alleged herein, the Class Members, including Plaintiffs, are not exempt from the requirements of the Employment Laws and Regulations.

44. Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203, and other applicable provisions of the Employment Laws and Regulations.

## THIRD CAUSE OF ACTION

### Failure to Maintain Employee Time Records

### Against All Defendants

### (Cal. Lab. Code § 1174(d))

45. Plaintiffs incorporate by reference and reallege paragraphs 1 through 45, inclusive, as though set forth fully herein.

46. California Labor Code Section 1174(d) requires all employers to keep proper employee time records, including payroll records, which must show the daily hours worked by each employee, CLPH bonuses and $2.00 per hour bonuses for the first 8 weeks of employment, along with the corresponding wages paid thereto.

47. As described above, Plaintiffs were to receive compensation for their "confirmed leads per hour." Defendants did not keep records of these confirmed leads, which prevented Plaintiffs from being properly compensated.

48. As a result, the employee time records, if any, maintained by Defendants are wholly inaccurate, as they do not reflect any hours worked by any employee. Accordingly the employee time records maintained by Defendants are inaccurate with respect to the number of hours worked, and, correspondingly, the amount of wages owed to and/or paid to employees.

49. As a proximate result of the above mentioned violations, Plaintiffs have been damaged in an amount according to proof at time of trial, and seek a civil penalty be imposed against Defendants in accordance with California Labor Code Section 2669.5.

50. Wherefore, Plaintiffs request relief as hereinafter provided.

THIRD AMENDED Class Complaint for Wage Violations

### Fourth CAUSE OF ACTION

### For Unfair Competition

### Against all Defendants

### (California Business & Professions Code Section 17200, et seq.)

51. Plaintiffs incorporate by reference and reallege paragraphs 1 through 63, inclusive, as though set forth fully herein.

52. Defendants' violations of the Employment Laws and Regulations as alleged herein, including Defendants' failure to pay CLPH bonuses and $2.00 per hour bonuses for the first 8 weeks of employment, Defendants' failure to provide the Class Members with timely and accurate wage and hour statements, Defendants' failure to pay expenses, Defendants' failure to pay compensation due to the Class Members in a timely manner upon their termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Class Members, constitute unfair business practices in violation of California Business & Professions Code Section 17200, et seq.

53. Defendants' unfair business practices entitle Plaintiffs to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, and restore to the Class Members the overtime compensation unlawfully withheld from them.

### FIFTH CAUSE OF ACTION
### FAILURE TO PROPERLY COMPENSATE EMPLOYEES FOR ALL HOURS WORKED Cal. Lab. Code §§ 201-203)

54. Plaintiffs hereby incorporate by reference as though fully set forth herein, the allegations contained in Paragraphs 1-67. This cause of action is plead against all defendants.

55. At all times relevant herein, which comprise the time period not less than three (3) years preceding the filing of this action, Defendants were required to compensate their employees for all bonuses, pursuant to the Industrial Welfare Commission Orders 7-80 and 7-98, California Code of Regulations, Title 8, Chapter 5, Section 11070, Labor Code Sections 200, 226, 500, 510, 1197, and 1198.

56. For at least the three (3) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked. Defendants established polices which actively prevented employees from being compensated for all time worked, including Defendants' failure to pay CLPH bonuses and $2.00 per hour bonuses for the first 8 weeks of employment.

57. At numerous, and frequent times during at least the preceding three (3) years, the Defendants' failure to pay CLPH bonuses and $2.00 per hour bonuses for the first 8 weeks of employment was rampant. Despite the fact that Defendants had sales records at their disposal, employee's wages, including the wages of Plaintiffs, were calculated only using the number of hours actually worked. As a result, employees, including Plaintiffs, were not compensated for CLPH bonuses and $2.00 per hour bonuses for the first 8 weeks of employment

58. Under the above mentioned wage orders and state regulations, Plaintiffs are entitled to recover compensation for all hours worked, but not paid, for the three (3) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with Labor Code Section 218.5, and penalties pursuant to Labor Code Sections 203 and 206.

59. Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiffs for all wages earned and all hours worked, in violation of state law. As a direct result, Plaintiffs have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, in accordance with Plaintiffs' respective damage amounts according to proof at time of trial, but less than $75,000 in the aggregate, per Plaintiff.

## SIXTH CAUSE OF ACTION

**COMMON COUNT**
**(Against All Defendants)**

60. This cause of action is based on a common count theory, with the applicable statute of limitations, for these claims being four years as the obligations is founded on writing.

-11-
THIRD AMENDED Class Complaint for Wage Violations

These writing sets forth a specific schedule of monies owed for CLPH bonuses and $2.00 per hour bonuses for the first 8 weeks of employment, as attached herein as exhibit "A".

61. Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiffs for monies owed based upon a common count. As a direct result, Plaintiffs have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such monies, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, in accordance with Plaintiffs' respective damage amounts according to proof at time of trial, but less than $75,000 in the aggregate, per Plaintiff.

## SEVENTH CAUSE OF ACTION
### For Misclassification of Employees as Exempt
### Against All Defendants

62. Plaintiffs incorporate by reference and re-allege paragraphs 1 though 62 as though set forth fully herein.

63. The California Industrial Welfare Commission defines exempt employees as those employees, who, among other qualities, earn at least two (2) times the minimum wage. See I.W.C. Wage Orders 4 and 7, §§I(A)(1)(f); I(A)(2)(g); I(A)(3)(d). The minimum wage in California is eight dollars ($8.00) per hour. Thus, to be exempt from the requirements of the Labor Code and other Wage Orders, an employee must earn at least sixteen dollars ($16.00) per hour.

64. Plaintiffs earned less than $16.00 per hour. They were instead paid less than double the minimum wage per hour. Plaintiffs were all classified as exempt by Defendants, and paid accordingly.

65. Defendants thus improperly classified Plaintiffs as exempt from the wage and hour requirements set forth in the Labor Code and I.W.C. Wage Orders, because they did not earn enough to be qualified as exempt.

THIRD AMENDED Class Complaint for Wage Violations

66. Because of this misclassification, Plaintiffs have been harmed by not properly being paid overtime, being required to work more than seven (7) days in a row, and other violations, as alleged in this complaint.

67. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations, in an amount less than $75,000 in the aggregate, per Plaintiff in accordance with Labor Code Section 218.5, and penalties pursuant to Labor Code Sections 203 and 206.

## EIGHTH CAUSE OF ACTION:
## FAILURE TO PROVIDE ADEQUATE TIME OFF
### (Cal. Lab. Code §§551, 552, 554, 558)
### (Against all Defendants)

66. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 88 inclusive as though fully set forth herein.

67. California law provides that every employee is entitled to one day's rest in seven and prohibits employers from requiring employees to work more than six days in seven. Furthermore, an overtime rate must be paid for hours voluntarily worked on the seventh day in seven. The Marketing Supervisors were required to work a seven day week at least once per month.

68. Defendants did not pay overtime compensation when Plaintiffs and other Collection Agents worked these seven-day weeks. Accordingly, Defendants violated Labor Codes §551 552, 554, 558.

69. Plaintiffs are entitled to compensation in the form of overtime not paid in an amount less than $75,000 in the aggregate, per Plaintiffs. As well, Defendants are required to pay a civil penalty for each pay period for Plaintiffs each employee who experienced this violation.

# NINTH CAUSE OF ACTION
## FAILURE TO INDEMNIFY AND REIMBURSE PLAINTIFF EMPLOYEES EMPLOYED IN THE STATE OF CALIFORNIA, PURSUANT TO CALIFORNIA LAW
(Against All Defendants)

70. Plaintiffs hereby incorporate by reference as though fully set forth herein, the allegations contained in Paragraphs 1-69. This cause of action is plead against Defendants.

71. Pursuant to California Labor Code Section 2802, requiring employees to expend monies or indemnify their employer for losses in direct consequence of the discharge of their duties is unlawful.

72. For at least three (3) years preceding the filing of this lawsuit Plaintiffs were employed by Defendants within the State of California as marketing supervisors.

73. Defendants were required to indemnify and reimburse Plaintiffs for all expenditures or losses incurred in direct consequence of the discharge of Plaintiffs duties, but failed to indemnify and reimburse as an employer is required to do under the laws and regulations of the State of California, including California Labor Code Section 2802.

74. Plaintiffs were required, as a direct consequence of their duties, to purchase items for their jobs. Plaintiff Marketing Supervisors were required to have home offices, computers, fax machines, internet, land-lines and supplies in order to do their work for defendant. Defendants itself and through its agents, refused to reimburse or indemnify its marketer employees for these cellular phone expenditures, in direct violation of California law.

75. In violation of state law, Defendants have knowingly and willfully failed to properly indemnify and reimburse Plaintiffs. As a direct result, Plaintiffs have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such monies

to be reimbursed, lost interest on such monies, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under both state law and its own employee handbook, all to their respective damage amounts according to proof at time of trial.

76. Defendants committed the acts alleged herein by acting knowingly and willfully, with the wrongful and illegal deliberate intention of injuring Plaintiffs, from improper motives amounting to malice, and in conscious disregard of Plaintiffs rights. Plaintiffs are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

77. As a proximate result of the Defendants wrongful acts, Plaintiffs have been damaged in an amount according to proof at time of trial, but less than $75,000 in the aggregate, per Plaintiff.

WHEREFORE, Plaintiffs individually and on behalf of all others similarly situated, hereby pray that the Court enter judgment in his favor and against Defendant Sears Home Improvements, as follows:

1. For payment of minimum wage and overtime compensation in an amount to be proven at trial, but in no case less than the jurisdictional limit of this Court;
2. For payment of liquidated damages pursuant to Labor Code Section 1194.2 in an amount to be proven at trial, but in no case less than the jurisdictional limit of this Court;
3. For statutory penalties pursuant to California Labor Code Section 226;
4. For waiting time penalties;
5. For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

6. For special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate Plaintiffs for their loss of past and future earnings, and all damages flowing from the Plaintiffs' loss of earnings, loss of job security, failure to properly advance within their careers, and damage to their reputations

7. For all interest allowed by law, including prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

8. For reasonable attorney fees;

9. For costs of suit incurred herein; and

10. For such further relief as the Court may deem appropriate.

DATED: July__17_, 2009               HOFFMAN EMPLOYMENT LAWYERS LLC


                                     /S/
                                     _____
                                     Michael Hoffman
                                     Attorney for Plaintiffs

-16-
THIRD AMENDED Class Complaint for Wage Violations