HOFFMAN EMPLOYMENT LAWYERS, LLP
Michael Hoffman SBN 154481
Alec Segarich SBN 260189
100 Pine Street, Suite. 1550
San Francisco, CA 94111
Telephone: (415) 362-1111
Facsimile: (415) 362-1112
mhoffman@employment-lawyers.com

Attorneys for Plaintiffs

BRYAN CAVE LLP
Julie E. Patterson, California Bar No. 167326
jepatterson@bryancave.com
Jesse E.M. Randolph, California Bar No. 221060
jesse.randolph@bryancave.com
Nikol M. Kim, California Bar No. 260866
nikol.kim@bryancave.com
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendant SHIP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL GODHIGH, an individual, MARIA BRAGA, an individual, LISA GLASS, an individual, DANIEL OLIVARES, Sr., an individual, CYNTHIA OROZCO, an individual, ALAN BOHN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SEARS HOLDING CORPORATION; a corporation, SEARS HOME IMPROVEMENT PRODUCTS, INC.; a corporation, SEARS ROEBUCK AND CO., a corporation,<br><br>Defendants | CASE NO: C 09-00765 SI<br><br>**STIPULATION TO FILE FIFTH AMENDED COMPLAINT**<br><br>**[PROPOSED] ORDER** |

Plaintiffs EARL GODHIGH, MARIA BRAGA, LISA GLASS, DANIEL OLIVARES, SR., CYNTHIA OROZCO, ALAN BOHN, (collectively, "Plaintiffs") and Defendant SEARS HOME IMPROVEMENT PRODUCTS, INC. ("SHIP") hereby jointly stipulate to permit Plaintiffs to file the attached [Proposed] Fifth Amended Complaint due to errors that were inadvertently contained in the Fourth Amended Complaint.

There is good cause for granting an order based on this stipulation, as the Court's ORDER on October 28, 2009 allowed the filing of the Fourth Amended Complaint, however, allegations pertaining to the previously-dismissed Marketer Subclass and the previously-dismissed named plaintiff Lisa New were inadvertently included in the Fourth Amended Complaint. The [Proposed] Fifth Amended Complaint cures these errors.

DATED: November 11, 2009          HOFFMAN EMPLOYMENT LAWYERS, LLP
                                  /S/
                                  _____
                                  Michael Hoffman
                                  Attorney for Plaintiffs Earl Godhigh et al.

DATED: November 11, 2009          BRYAN CAVE LLP

                                  _____
                                  Jesse E.M. Randolph
                                  Attorney for Defendant SHIP

STIPULATION TO FILE FIFTH AMENDED COMPLAINT
[PROPOSED] ORDER
C 09-00765 SI

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Suite 1550
San Francisco, CA 94111
(415) 362-1111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL GODHIGH, an individual, MARIA BRAGA, an individual, LISA GLASS, an individual, DANIEL OLIVARES, Sr., an individual, CYNTHIA OROZCO, an individual, ALAN BOHN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SEARS HOLDING CORPORATION; a corporation, SEARS HOME IMPROVEMENT PRODUCTS, INC.; a corporation, SEARS ROEBUCK AND CO., a corporation,<br><br>Defendants | CASE NO: C 09-00765 SI<br><br>**[PROPOSED] ORDER GRANTING STIPULATION TO FILE FIFTH AMENDED COMPLAINT** |

Based upon the Stipulation of the parties, the attached Plaintiffs' Fifth Amended Complaint may be filed



Judge Susan Illston
UNITED STATES DISTRICT COURT JUDGE

---

STIPULATION TO FILE FIFTH AMENDED COMPLAINT
[PROPOSED] ORDER
C 09-00765 SI

HOFFMAN EMPLOYMENT LAWYERS, LLP
MICHAEL HOFFMAN SBN 154481
100 PINE STREET, STE. 1550
San Francisco, CA 94111
Tel   (415) 362-1111
Fax   (415) 362-1112
Email: mhoffman@employment-lawyers.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL GODHIGH, an individual, LISA GLASS, an individual, DANIEL OLIVARES, SR., an individual, CYNTHIA OROZCO, an individual, an individual, ALAN BOHN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SEARS HOME IMPROVEMENT PRODUCTS, INC.; a corporation,<br><br>Defendant.<br><br>**JURY TRIAL DEMANDED** | CASE NO: CASE NO: C 09-00765 SI<br><br>**PLAINTIFF'S [PROPOSED] FIFTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>1. FAILURE TO FURNISH WAGE AND HOUR STATEMENTS (Cal. Lab. Code §§ 226, 226.3);<br>2. WAITING TIME PENALTIES (Cal. Lab. Code §§ 201-203);<br>3. FAILURE TO MAINTAIN EMPLOYEE TIME RECORDS (Cal. Lab. Code § 1174(d));<br>4. UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200, *et seq.*)<br>5. FAILURE TO PROPERLY COMPENSATE EMPLOYEES FOR ALL HOURS WORKED Cal. Lab. Code §§ 201-203)<br>6. MISCLASSIFICATION AS EXEMPT<br>7. FAILURE TO PROVIDE ADEQUATE TIME OFF<br>8 FAILURE TO INDEMNIFY |

## GENERAL ALLEGATIONS

1. PLAINTIFFS EARL GODHIGH ("Mr. Godhigh"), LISA GLASS, ("Ms. Glass") DANIEL OLIVARES, SR. ("Mr. Olivares"), CYNTHIA OROZCO, ("Ms. Orozco") ALAN BOHN ("Mr. Bohn") (collectively, "Plaintiffs") complain and allege as follows:

2. Plaintiffs bring this class action and representative action to remedy wage and hour violations by Defendant SEARS HOME IMPROVEMENT PRODUCTS, INC. ("SHIPS"). SHIPs engaged in a pervasive and unlawful scheme to deprive their employees of the protections

-1-
FIFTH AMENDED Class Complaint for Wage Violations

granted them by California wage and hour law. Plaintiffs bring this action on their own behalf and on behalf of the following class of individuals (the "Class Members"): **all persons employed in California by SHIPS as (a) Marketing Supervisors, at any time from January 21, 2005 through the pendency of this action.**

3. During the Class Period, Defendants: (1) failed and refused to furnish wage & hour statements to the Class; (2) failed and refused to maintain complete and accurate payroll records for them; (3) failed and refused to fully compensate them for all hours worked; and (4) failed and refused to fully reimburse them for monies necessarily expended by them. These other acts by SHIPSs violated the California Labor Code, including sections 201, 202, 203, 226, 226.3, 510, 512, 551, 552, 558, and 1174(d) and the applicable Wage Orders issued by the Industrial Welfare Commission of the State of California (collectively, "Employment Laws and Regulations"), violated the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and otherwise violated Class Members' rights.

## THE PARTIES

4. Mr. Godhigh is, and at all relevant times was, a competent adult residing in Alameda County, California who performed work for defendants in Alameda County as a Marketing Supervisor.

5. Ms. Glass is, and at all relevant times was, a competent adult residing in Contra Costa County, California who performed work for defendants in Alameda County as a Marketing Supervisor.

6. Mr. Olivares is, and at all relevant times was, a competent adult now residing in Fresno County, California, who performed work for defendants in Alameda County as an a Marketing Supervisor.

7. Ms. Orozco is, and at all relevant times was, a competent adult residing in Los Angeles County, California a who worked for defendants as a Marketer.

8. Mr. Bohn is, and at all relevant times was, a competent adult now residing in San Diego County, California who worked for defendants as a Marketing Supervisor.

FIFTH AMENDED Class Complaint for Wage Violations

9. Defendant SEARS HOME IMPROVEMENT PRODUCTS, INC. ("SHIPS") is a Pennsylvania corporation, headquartered in Florida, duly licensed to do business within Alameda County. SHIPS employed Plaintiffs and numerous Class Members in Alameda County.

### Administrative Remedies

10. Pursuant to California Labor Code Section 2699.5, as well as the holdings in *Caliber Bodyworks, Inc. v. Superior Court (Herrera)* (2005) 134 Cal.App.4th 365 and *Dunlap v. Superior Court (Bank of America, N.A.)* (2006) 142 Cal. App.4th 330, Plaintiffs are in the process of exhausting all administrative remedies and satisfied all private, administrative and judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to Plaintiff's Causes of Action brought pursuant to the Private Attorney General's Act, California Labor Code section § 2699 *et seq.*

11. Specifically, Plaintiff sent written notice by certified mail to the Labor and Workforce Development agency (LWDA) and the employer including specific provisions of the Labor Code that have been violated and facts and theories to support said violations. After waiting the statutorily prescribed thirty-three (33) days, Plaintiff has not received notice that Defendants have cured any alleged violations and the LWDS has failed to notify Plaintiff of its intent to investigate the allegations contained in Plaintiff's written notice. Plaintiffs are not required to satisfy any other private, administrative or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of Plaintiffs' Causes of Action.

### SPECIFIC ALLEGATIONS

12. During the four years preceding the filing of this action, SHIPS employed the Class Members, including Plaintiffs, as In-Store Marketing Supervisors ("Marketing Supervisors")at various locations in California, including SHIPS locations in Alameda County.

13. SHIPS routinely fails and refuses to pay Class Members premium compensation owed for hours worked in excess of eight per day or 40 per week, and fails and refuses to pay the other

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Suite 1550
San Francisco, CA 94111
(415) 362-1111

1  incidents and conditions of employment due non-exempt California employees under the
2  Employment Laws and Regulations.
3  14. SHIPS routinely fails and refuses to pay accrued wages and other compensation due
4  immediately to terminated Class Members, and routinely fails and refuses to pay accrued
5  wages, expenses, and other compensation due within seventy-two hours to Class Members
6  who end their employment with Defendants.
7  15. SHIPS routinely fails and refuses to provide Class Members with timely and accurate wage
8  and hour statements showing gross wages earned, total hours worked, all deductions made,
9  net wages earned, name and address of the employer, applicable hourly rates in effect, and
10  the corresponding number of hours worked at each hourly rate.
11  16. SHIPS routinely fails and refuses to maintain complete and accurate payroll records for each
12  Class Member, showing gross wages earned, total hours worked, all deductions made, net
13  wages earned, name and address of the employer, applicable hourly rates in effect, and the
14  corresponding number of hours worked at each hourly rate.
15  17. Plaintiffs are informed and believe that SHIPS violated other provisions of the Employment
16  Laws and Regulations which provide for a civil penalty to be assessed and collected by the
17  California Labor and Workforce Development Agency or its various departments, divisions,
18  commissions, boards, agencies or employees.
19  18. Plaintiffs seek, on their own behalf and on behalf of the Class Members, all benefits owed
20  them under the Employment Laws and Regulations, plus penalties, attorney's fees and costs
21  as provided by statute.
22  19. The California Industrial Welfare Commission defines, in relevant part, as "exempt" those
23  employees earning at least two (2) times the minimum wage. I.W.C. Wage Orders 4 and 7,
24  §§I(A)(1)(f); I(A)(2)(g); I(A)(3)(d). The minimum wage in California is eight dollars ($8.00)
25  per hour. Thus, to be exempt from the requirements of the Labor Code and other Wage
26  Orders, an employee must earn at least sixteen dollars ($16.00) per hour. During the Class
27  Period, Marketing Supervisors earned less than $16.00 per hour; and therefore earned less
28

than double the minimum wage per hour; and therefore were misclassified as exempt by SHIPS.

20. SHIPS's practices constitute "unlawful" business practices in violation of the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*). Plaintiffs seek restitution of all amounts wrongfully obtained by SHIPS in violation of the UCL, to prevent the Defendants from benefitting from their practices. Such sums recovered under the UCL are equitable and are not considered damages. Plaintiffs are entitled to costs, attorney's fees, interest and penalties as provided for by the California Labor Code and California Business & Professions Code, and the Private Attorney General Act, California Code of Civil Procedure section 1021.5.

21. To the extent that any Class Member entered into any arbitration agreement with any Defendant and such agreement purports to require arbitration, any such agreement is void and unenforceable. Any such agreement was one of adhesion, was executed under duress, lacked consideration and mutuality, and failed to provide that Defendants would pay the costs of any arbitration, and was otherwise void under both California Labor Code section 229 and *Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal.4th 83 (2000).

## CLASS ACTION ALLEGATIONS

22. The Class Members are so numerous that joinder of each such individual would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefit the parties, the Court and the interests of justice.

23. There is a well defined community of interest in the questions of law and fact involved affecting all Class Members in that SHIPS applied its common policies and practices to the class as a whole: SHIPS hired Class Members as employees with similar job duties, SHIPS classified Class Members under the Employment Laws and Regulations similarly, SHIPS compensated Class Members for work performed similarly, and SHIPS reimbursed Class Members for expenses similarly. Common issues therefore predominate over individual issues.

24. Plaintiffs' claims are typical of those of other Class Members in that Plaintiffs' employment duties and activities were typical of the employment duties and activities of other Class Members, and they were denied the benefits and protections of the Employment Laws and Regulations in the same manner as the other Class Members.

25. Plaintiffs can adequately represent and protect the interests of all Class Members. Plaintiffs' counsel is competent and experienced in litigating class actions in California based on violations of the Employment Laws and Regulations.

## FIRST CAUSE OF ACTION:
### Failure to furnish wage and hour statements
### (Cal. Labor Code § 226)

26. Plaintiffs incorporate by reference and reallege paragraphs 1 through 28, inclusive, as though set forth fully herein.

27. During the Class Period, SHIPS failed to provide the Class Members, including Plaintiffs, with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that Class Member, and all applicable hours rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Class Member.

28. As alleged herein, the Class Members, including Plaintiffs, are not exempt from the requirements of the Employment Laws and Regulations. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations.

## SECOND CAUSE OF ACTION
### Waiting time penalties
### (Cal. Labor Code §§ 201–203)

29. Plaintiffs incorporate by reference and reallege paragraphs 1 through 31, inclusive, as though set forth fully herein.

30. During the Class Period, SHIPS failed to pay the Class Members, including Plaintiffs, accrued wages and other compensation due immediately upon termination or within seventy-two hours of resignation, as required.

31. As alleged herein, the Class Members, including Plaintiffs, are not exempt from the requirements of the Employment Laws and Regulations.

32. Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties under California Labor Code section 203 and other applicable provisions of the Employment Laws and Regulations.

### THIRD CAUSE OF ACTION
### Failure to maintain employee time records
### (Cal. Labor Code § 1174(d))

33. Plaintiffs incorporate by reference and reallege paragraphs 1 through 35, inclusive, as though set forth fully herein.

34. California Labor Code Section 1174(d) requires all employers to keep proper employee time records, including payroll records, which must show the daily hours worked by each employee and $2.00 per hour bonuses for the first 8 weeks of employment, along with the corresponding wages paid thereto.

35. As a result, the employee time records, if any, maintained by Defendants are wholly inaccurate, as they do not reflect any hours worked by any employee. Accordingly the employee time records maintained by Defendants are inaccurate with respect to the number of hours worked, and, correspondingly, the amount of wages owed to and/or paid to employees.

36. As a proximate result of the above mentioned violations, Plaintiffs have been damaged in an amount according to proof at time of trial, and seek a civil penalty be imposed against Defendants in accordance with California Labor Code Section 2669.5.

37. Wherefore, Plaintiffs request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
### Unfair competition
### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

-7-
FIFTH AMENDED Class Complaint for Wage Violations

38. Plaintiffs incorporate by reference and reallege paragraphs 1 through 40, inclusive, as though set forth fully herein.

39. Defendants' violations of the Employment Laws and Regulations as alleged herein, including Defendants' failure to provide the Class Members with timely and accurate wage and hour statements, Defendants' failure to pay expenses, Defendants' failure to pay compensation due to the Class Members in a timely manner upon their termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Class Members, constitute unfair business practices in violation of California Business & Professions Code Section 17200, et seq.

40. Defendants' unfair business practices entitle Plaintiffs to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, and restore to the Class Members the overtime compensation unlawfully withheld from them.

## FIFTH CAUSE OF ACTION
### Failure to compensate for all hours worked
### (Cal. Lab. Code §§ 201-203)

41. Plaintiffs incorporate by reference and reallege paragraphs 1 through 43, inclusive, as though set forth fully herein.

42. At all times relevant herein, which comprise the time period not less than three (3) years preceding the filing of this action, SHIPS was required to compensate employees for all wages, pursuant to the Industrial Welfare Commission Orders 7-80 and 7-98, California Code of Regulations, Title 8, Chapter 5, Section 11070, Labor Code Sections 200, 226, 500, 510, 1197, and 1198.

43. SHIPS knowingly and willfully refused to compensate Plaintiffs for all wages earned and all hours worked, in violation of state law. As a direct result, Plaintiffs have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel SHIPS to fully

perform its obligation under state law, in accordance with Plaintiffs' respective damages amounts (to be determined by proof at trial).

### SIXTH CAUSE OF ACTION
**Misclassification of employees as exempt**
**(IWC Wage Orders 4 and 7)**

44. Plaintiffs incorporate by reference and re-allege paragraphs 1 though 46 as though set forth fully herein.

45. The California Industrial Welfare Commission defines exempt employees as those employees, who, among other qualities, earn at least two (2) times the minimum wage. See I.W.C. Wage Orders 4 and 7, §§I(A)(1)(f); I(A)(2)(g); I(A)(3)(d). The minimum wage in California is eight dollars ($8.00) per hour. Thus, to be exempt from the requirements of the Labor Code and other Wage Orders, an employee must earn at least sixteen dollars ($16.00) per hour.

46. Plaintiffs earned less than $16.00 per hour. They were instead paid less than double the minimum wage per hour. Plaintiffs were all classified as exempt by Defendants, and paid accordingly.

47. Defendants thus improperly classified Plaintiffs as exempt from the wage and hour requirements set forth in the Labor Code and I.W.C. Wage Orders, because they did not earn enough to be qualified as exempt.

48. Because of this misclassification, Plaintiffs have been harmed by not properly being paid overtime, being required to work more than seven (7) days in a row, and other violations, as alleged in this complaint.

49. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations, in an amount less than $75,000 in the aggregate, per Plaintiff in accordance with Labor Code Section 218.5, and penalties pursuant to Labor Code Sections 203 and 206.

### SEVENTH CAUSE OF ACTION

-9-

FIFTH AMENDED Class Complaint for Wage Violations

**Failure to provide adequate time off**
**(Cal. Labor Code §§ 551, 552, 554, 558)**

50. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 52 inclusive s though fully set forth herein.

51. California law provides that every employee is entitled to one day's rest in seven and prohibits employers from requiring employees to work more than six days in seven.

52. Furthermore, an overtime rate must be paid for hours voluntarily worked on the seventh day in seven. The Marketing Supervisors were required to work a seven day week at least once per month.

53. Defendants did not pay overtime compensation when Plaintiffs and other Collection Agents worked these seven-day weeks. Accordingly, Defendants violated Labor Codes §551 552, 554, 558.

54. Plaintiffs are entitled to compensation in the form of overtime not paid in an amount less than $75,000 in the aggregate, per Plaintiffs. As well, Defendants are required to pay a civil penalty for each pay period for Plaintiffs each employee who experienced this violation.

## EIGHTH CAUSE OF ACTION
**Failure to reimburse expenses**
**(Cal. Labor Code § 2802)**

55. Plaintiffs hereby incorporate by reference as though fully set forth herein, the allegations contained in Paragraphs 1-57.

56. Under California Labor Code Section 2802, employers are required to reimburse employees for necessary expenses. For at least three (3) years preceding the filing of this lawsuit Plaintiffs were employed by SHIPS in California as marketing supervisors. As such, Plaintiffs were required by SHIPS to spend their own money in the discharge of their job duties, to wit: Marketing Supervisors were required to have home offices, computers, fax machines, internet, land-lines and office supplies, and to use their own cars for business travel.

57. SHIPS knowingly and willfully failed to properly reimburse or fully reimburse Plaintiffs' expenses. As a Plaintiffs have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, and expenses and attorney's fees in seeking to compel Defendants to fully reimburse them, in an amount to be proven at trial.

58. Defendants committed the acts alleged herein by acting knowingly and willfully, with the wrongful and illegal deliberate intention of injuring Plaintiffs, from improper motives amounting to malice, and in conscious disregard of Plaintiffs rights. Plaintiffs are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs individually and on behalf of all others similarly situated, hereby pray that the Court enter judgment in his favor and against Defendant Sears Home Improvements, as follows:

1. For payment of minimum wage and overtime compensation in an amount to be proven at trial, but in no case less than the jurisdictional limit of this Court;
2. For payment of liquidated damages pursuant to Labor Code Section 1194.2 in an amount to be proven at trial, but in no case less than the jurisdictional limit of this Court;
3. For statutory penalties pursuant to California Labor Code Section 226;
4. For waiting time penalties;
5. For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

FIFTH AMENDED Class Complaint for Wage Violations

6. For special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate Plaintiffs for their loss of past and future earnings, and all damages flowing from the Plaintiffs' loss of earnings, loss of job security, failure to properly advance within their careers, and damage to their reputations

7. For all interest allowed by law, including prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

8. For reasonable attorney fees;

9. For costs of suit incurred herein; and

10. For such further relief as the Court may deem appropriate.

DATED: November __, 2009                HOFFMAN EMPLOYMENT LAWYERS LLC


                                        /S/
                                        _____
                                        Michael Hoffman
                                        Attorney for Plaintiffs

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Suite 1550
San Francisco, CA 94111
(415) 362-1111