Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL GODHIGH, an individual, LISA GLASS, an individual, DANIEL OLIVARES, SR., an individual, CYNTHIA OROZCO, an individual, ALAN BOHN, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>SEARS HOME IMPROVEMENT PRODUCTS, INC.; a corporation,<br><br>Defendant. | Case No. C 09-765 SI<br><br>CLASS ACTION<br><br>[Assigned for all purposes to the Hon. Susan J. Illston]<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION STIPULATION OF SETTLEMENT** |

Pursuant to Federal Rule of Civil Procedure 23(e), the parties seek an order approving the settlement of this action in accordance with the terms of the Class Action Stipulation of Settlement ("**Stipulation**")[1], including Exhibits A through E attached thereto. Having read and considered the **Stipulation**, the parties' joint Motion for Preliminary Approval of the Class Action Settlement, and having read all of the other pleadings, papers, and filings in this matter,

---

[1] The definitions for all capitalized, bold terms can be found in the **Stipulation**.

IR01DOCS/422199

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The **Stipulation**, including the definitions applicable to the **Stipulation**, is incorporated by reference into this Order.

2. The terms and conditions of the proposed settlement between plaintiffs Earl Godhigh, Lisa Glass, Daniel Olivares, Sr., Cynthia Orozco, and Alan Bohn ("**Plaintiffs**"), and Sears Home Improvement Products, Inc. ("**SHIP**") appear to be fair, reasonable, and adequate as required by Federal Rule of Civil Procedure 23(e)(2); the **Stipulation** and the Exhibits thereto are preliminarily approved pending the **Final Settlement Hearing** as provided herein; and the proposed settlement shall be submitted to the **Class Members**.

3. For the purposes of effectuating this proposed settlement only, the **Class** is conditionally certified for settlement purposes only, **Plaintiffs** are conditionally appointed as class representatives authorized to act on behalf of the **Class**, and **Plaintiffs' Attorneys** are conditionally appointed as counsel for the **Class** as required pursuant to Federal Rule of Civil Procedure 23(g), without prejudice to **SHIP's** right to contest class certification if the proposed settlement described in the **Stipulation** is not fully implemented.

4. The **Court** finds that (i) the proposed **Settlement** resulted from arm's-length negotiations and was the result of a full-day mediation session before an impartial, respected and experienced mediator; (ii) the proposed **Settlement** was concluded only after counsel for both parties had conducted adequate discovery and investigation; and (iii) the terms of the proposed **Settlement** as evidenced by the **Stipulation** are sufficiently fair, reasonable and adequate to warrant sending the **Notice** in the form attached as Exhibit A to the **Stipulation** to the **Class Members** and holding a full hearing on the proposed **Settlement**.

5. The **Final Settlement Hearing** shall be held at 9:00 a.m. on June 18, 2010, in Courtroom 10, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, to determine final approval of the **Settlement**, including: (i) whether the **Action** should be finally certified as a class action solely and exclusively for settlement purposes; (ii) whether the proposed settlement should

1  be given final approval as fair, reasonable and adequate as required by Federal Rule of
2  Civil Procedure 23(e)(2) and in the best interests of each of the **Parties** and the **Class**
3  **Members**; (iii) whether a final judgment should be entered as required by the **Stipulation**
4  and Exhibit E thereto; (iv) whether the **Class Members** should be bound by the Release of
5  Claims set forth in the **Stipulation**; (v) whether **Class Representative Enhancement**
6  awards should be made to **Plaintiffs** as set forth in Part III.I. of the **Stipulation**; (vi) the
7  amount of **Plaintiffs' Attorneys'** award of **Plaintiffs' Attorneys' Fees** and **Plaintiffs'**
8  **Expenses** not to exceed 30% of $350,000 (e.g., $105,000); and (vii) any other matter that
9  may be relevant to the **Settlement**. The **Final Settlement Hearing** is subject to
10 continuation or adjournment by the Court without further notice.
11        6.     The **Court** approves the **Notice**, Proof of Claim Form, and Request for
12 Exclusion Form, which are attached as Exhibits A, B, and C to the **Stipulation**.
13        7.     The **Court** approves the appointment of Simpluris, Inc. as the **Claims**
14 **Administrator** to attend to mailings of the **Notice** to potential **Class Members**, and
15 administration of this settlement.
16        8.     In accordance with Part III.E.2. of the **Stipulation**, within ten (10) business
17 days after the **Preliminary Approval Date**, **SHIP** shall provide the **Claims**
18 **Administrator** with the names, most current mailing addresses, total workweeks worked
19 during the **Class Period**, and Social Security numbers for the **Class** from **SHIP's** records.
20        9.     In accordance with Part III.E.3. of the **Stipulation**, within twenty (20) **Days**
21 of receipt of the mailing address information, the **Claims Administrator** shall, using the
22 information provided by **SHIP,** along with any updated information obtained from the
23 National Change of Address database which the **Claims Administrator** shall use to
24 confirm mailing information, mail the **Notice** to all identified **Class Members** by first-
25 class, regular U.S. Mail to the most recent address known for each **Class Member.**
26 Attached to the **Notice** will be a Proof of Claim Form and Request for Exclusion Form, in
27 the form attached to the **Stipulation** as Exhibits B and C respectively, and as approved by
28

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irivne, Ca lifornia 92612-4414

IR01DOCS/422199                    3

the **Court**. Upon completion of these steps by the **Claims Administrator**, the **Parties** shall be deemed to have satisfied their obligation to provide the **Notice** to the **Class.**

10. The **Court** finds that mailing of the **Notice** as provided for in this Order and the **Stipulation** constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth therein to all persons entitled to receive notice, fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23, and fully and satisfactorily advises potential **Class Members** of their rights to object to or to exclude themselves from the proposed settlement.

11. The **Court** approves the claim submittal and review process as required by the **Stipulation**. Any **Class Member** who wishes to receive a **Settlement Payment** must timely submit a properly completed and signed Proof of Claim Form, on or before May 6, 2010, and must satisfy all of the requirements set forth in Parts III.G.1. and III.G.2. of the **Stipulation**. Deficient or untimely Proof of Claim Forms will be handled in accordance with Parts III.G.2. and III.G.3. of the **Stipulation**.

12. **Class Members** who wish to exclude themselves from the **Class** must submit a Request for Exclusion Form to the **Claims Administrator** postmarked by the **Objection/Exclusion Deadline Date**. In order to be properly excluded from the **Class**, the **Class Member** must satisfy all of the requirements set forth in Part III.F.2. of the **Stipulation.** All **Class Members** who do not submit a timely Request for Exclusion Form shall be bound by any final order and judgment, regardless of whether or not they chose to submit a Proof of Claim Form, and, as a result, they shall be barred from asserting any claims against the **Released Parties** arising from the **Settlement Class Released Claims**, and they shall be conclusively deemed to have released any and all such claims. Any **Class Member** who timely submits a Request for Exclusion Form will not receive a **Settlement Payment**.

13. The **Court** will also consider objections to the proposed settlement at the **Final Settlement Hearing**. **Class Members** who wish to object to the proposed settlement must serve and file written objections and a written notice of intention to appear

at the **Final Settlement Hearing** in the form and manner required by the **Stipulation**. Such written notice of intention to appear and objections must be filed with the **Court** and served on the **Parties'** counsel by the **Objection/Exclusion Deadline Date. Class Members** who fail to file and serve timely written objections and notice of intention to appear and object in the manner specified in the **Stipulation** shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the **Settlement**. No later than thirty (30) **Days** before the **Final Settlement Hearing,** counsel for the **Parties** shall serve on opposing counsel all written objections to the **Settlement** and/or notices of intention to appear and object that have been received.

14. No later than thirty (30) **Days** before the **Final Settlement Hearing**, the **Claims Administrator** shall provide the **Parties** with a complete, accurate and verified list of all **Class Members** who have timely requested exclusions from the **Settlement Class**.

15. **Plaintiffs' Attorneys** shall file their application for **Plaintiffs' Attorneys' Fees** and **Plaintiffs' Expenses** on or before April 22, 2010. **Plaintiffs** and **Plaintiffs' Attorneys** shall file all appropriate documents in support of their request for final approval on or before June 4, 2010.

16. This Order shall become null and void, and shall be without prejudice to the rights of the **Parties**, all of whom are restored to their respective positions existing immediately before this **Court** entered this Order, if: (i) the proposed **Settlement** is not finally approved by the **Court**, or does not become final, pursuant to the terms of the **Stipulation**; or (ii) the proposed **Settlement** is terminated in accordance with the **Stipulation** or does not become effective under the terms of the **Stipulation** for any other reason.

In such event, (i) **SHIP** will not be deemed to have consented to certification of any class, and will retain all rights to fully object to or oppose any motion for class certification, including certification of the identical class provided for herein or any other

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irivne, Ca lifornia 92612-4414

class(es); (ii) the proposed **Settlement** and **Stipulation** shall become null and void and be of no further force and effect, and all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to the parties, shall not be deemed or construed to be an admission or confession by the parties of any fact, matter, or proposition of law, and shall not be used in any manner for any purpose, and all parties to the **Action** shall stand in the same position as if the **Stipulation** had not been negotiated, made, or filed with the **Court**; and (iii) this Order shall be of no force or effect and shall not be construed or used as an admission, concession or declaration by or against **SHIP** of any fault, wrongdoing, breach or liability, or used to support the certification of any class, nor shall the Order be construed or used as an admission, concession or declaration by or against **Plaintiffs** or the **Class Members** that their claims lack merit or that the relief requested in the **Action** is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

17. The **Parties** are hereby authorized, without needing further approval from the **Court**, to adopt such amendments and/or modifications of the **Stipulation** as are not materially inconsistent with the terms and conditions of the proposed settlement or this Order and do not limit or impair the rights of **Class Members** under the proposed settlement.

18. The **Action** is stayed and all trial and related pre-trial dates are vacated, and **Plaintiffs** and the **Class Members** are hereby enjoined from further prosecuting the **Action**, subject to further orders of the Court at the **Final Settlement Hearing**.

IT IS SO ORDERED

Dated: _____  _____
JUDGE OF THE UNITED STATES
DISTRICT COURT

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irivne, California 92612-4414

IR01DOCS/422199