# EXHIBIT C



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| EARL GODHIGH, an individual, LISA GLASS, an individual, DANIEL OLIVARES, SR., an individual, CYNTHIA OROZCO, an individual, MARIA BRAGA, an individual, ALAN BOHN, an individual, DESAREE GREEN, an individual, IRMA STREET-MARTIN, an individual, | Case No. C 09-765 SI |
|---|---|

Plaintiffs,

vs.

SEARS HOME IMPROVEMENT PRODUCTS, INC.; a corporation,

Defendant.

Case No. C 09-765 SI

CLASS ACTION

[Assigned for all purposes to the Hon. Susan J. Illston]

**[PROPOSED] FINAL JUDGMENT**

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

### [PROPOSED] FINAL ORDER AND JUDGMENT

**A.** On October 9, 2009, the **Parties**[1] to this class action reached a tentative **Settlement** and they advised the **Court** of the **Settlement** on November 11, 2009. Subsequently, the **Parties** submitted a detailed written **Stipulation** with attached Exhibits A through E. On February 9, 2010, the **Court** preliminarily approved the proposed **Settlement**. The **Court** directed the **Parties** to provide notice of the proposed **Settlement** to the potential **Class Members** and scheduled a further hearing to determine whether the proposed **Settlement** and request for **Plaintiffs' Attorneys' Fees** and **Plaintiffs' Expenses** are fair, reasonable, and adequate.

**B.** On June 18, 2010, the **Court** held the **Final Settlement Hearing** to determine: (i) whether the **Action** should be finally certified as a class action solely and exclusively for settlement purposes; (ii) whether the proposed **Settlement** should be given

---

[1] The definitions for all capitalized, bold terms can be found in the Class Action Stipulation of Settlement referred to herein as the "**Stipulation**."

Error! Unknown document property name./Error!
Unknown document property name.

[PROPOSED] FINAL JUDGMENT

final approval as fair, reasonable and adequate as required by Federal Rule of Civil Procedure 23(e)(2) and in the best interests of each of the **Parties** and the **Class Members**; (iii) whether a final judgment should be entered as required by the **Stipulation** and Exhibit E thereto; (iv) whether the **Class Members** should be bound by the release of claims set forth in the **Stipulation**; (v) whether **Class Representative Enhancement** awards should be made to **Plaintiffs** as set forth in Part III.I. of the **Stipulation**; (vi) the amount of **Plaintiffs' Attorneys'** award of **Plaintiffs' Attorneys' Fees** and **Plaintiff's Expenses** not to exceed 30% of $350,000 (e.g., $105,000); and (vii) any other matter that may be relevant to the **Settlement**. Michael Hoffman of Hoffman Employment Lawyers, LLP appeared for **Plaintiffs** and the **Class**. Julie E. Patterson of Bryan Cave LLP appeared for **SHIP**.

 **C.**   No putative class members timely requested exclusion from the **Settlement Class** and no objections were filed with respect to the proposed **Settlement**.

 **D.**   After reviewing the pleadings and evidence filed in support of the request for final approval of the **Settlement** and the requests for awards of **Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses** and **Class Representative Enhancements**, and hearing the attorneys for the **Parties**, the **Court** finds, and

 IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

 **1.**   The **Court** has personal jurisdiction over all **Class Members** and **SHIP**, and the **Court** has subject matter jurisdiction to approve the **Stipulation** (including all Exhibits thereto).

 **2.**   The **Stipulation**, including the definitions applicable to the **Stipulation**, is incorporated by reference into this **Final Judgment**.

 **3.**   The **Court** finds that the **Stipulation** and proposed **Settlement** were reached after arm's-length negotiations between the **Parties**, including a full-day mediation session before an impartial, respected and experienced mediator; (ii) the proposed **Settlement** was concluded only after counsel for the **Parties** had conducted adequate discovery and investigation; and the **Settlement** of the **Action**, as embodied in the terms of the

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

Error! Unknown document property name./Error! Unknown document property name.

2

[PROPOSED] FINAL JUDGMENT

1  **Stipulation,** is finally approved as fair, reasonable, adequate and consistent and in

2  compliance with all applicable requirements of the Federal Rules of Civil Procedure, the

3  California and United States Constitutions (including the due process clauses), Northern

4  District Local Rules and any other applicable law, and in the best interests of the **Parties**

5  and the **Class Members**.

6       **4.**     Solely for the purpose of settlement and pursuant to Federal Rule of Civil

7  Procedure 23(a) and (b)(3), the **Court** finally certifies the following **Class**:

8       All present and former employees of **SHIP** who were or are classified as In-

9       Store Supervisors and employed by **SHIP** in the State of California during the

10      **Class Period**.

11      **5.**     The above class is certified for settlement purposes only, and the certification

12 should not be construed as an admission by **SHIP** with respect to any of the requirements

13 of Federal Rule of Civil Procedure 23 or the allegations made against it in this **Action** by

14 or on behalf of the members of the **Settlement Class**.

15      **6.**     The **Court** appoints Earl Godhigh, Lisa Glass, Daniel Olivares, Sr., Cynthia

16 Orozco, and Alan Bohn as Class Representatives, and finds that they meet the

17 requirements of Federal Rule of Civil Procedure 23(a)(4).

18      **7.**     The **Court** appoints Michael Hoffman of Hoffman Employment Lawyers,

19 LLP as counsel for the **Class** pursuant to Federal Rule of Civil Procedure 23(c)(1)(B), and

20 finds that counsel meets the requirements of Federal Rule of Civil Procedure 23(a)(4) and

21 23(g).

22      **8.**     The **Court** appoints Simpluris, Inc. as Claims Administrator.

23      **9.**     The **Court** finds that:

24      a.     the above-described **Class** contains members so numerous that the

25 joinder of all of them is impracticable;

26      b.     there are questions of law or fact common to the above-described

27 **Class**;

28      c.     the claims of the Class Representatives are typical of the claims of the

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

Error! Unknown document property name./Error!
Unknown document property name.

3

[PROPOSED] FINAL JUDGMENT

1    **Class** that **Plaintiffs** seeks to represent;

2            d.      the Class Representatives and **Plaintiffs' Attorneys** have fairly and

3    adequately protected the interests of the above-described **Class**.

4        **10.**    The **Court** further finds that certification under Federal Rule of Civil

5    Procedure 23(b)(3) is appropriate because:

6            a.      Questions of law or fact common to members of the **Class**, and which

7    are relevant for settlement purposes, predominate over the questions affecting only

8    individual members; and

9            b.      certification of the **Class** for settlement is superior to other available

10   methods for the fair and efficient resolution of the controversies between the **Class**

11   **Members** and **SHIP**.

12       **11.**    The **Court** does not make a finding as to the difficulties likely to be

13   encountered in the management of a class action pursuant to Federal Rule of Civil

14   Procedure 23(b)(3)(D) and is not required to make such a finding pursuant to <u>Amchem</u>

15   <u>Prod., Inc. v. Windsor</u>, 521 U.S. 591 (1997).

16       **12.**    The **Parties** and their counsel are ordered to implement and to consummate

17   the **Stipulation** according to its terms and provisions.

18       **13.**    The **Notice** and the notice methodology implemented pursuant to the

19   **Stipulation** constituted the best notice practicable under the circumstances, constituted due

20   and sufficient notice of the matters set forth therein to all persons entitled to receive notice,

21   fully satisfied the requirements of due process and Federal Rule of Civil Procedure 23, and

22   fully and satisfactorily advised potential **Class Members** of their rights to object to or to

23   exclude themselves from the proposed **Settlement**.

24       **14.**    The **Action** is dismissed on the merits and with prejudice, without an award

25   of fees, costs or expenses to any party except as provided in the **Stipulation**.

26       **15.**    The terms of the **Stipulation** and this **Final Judgment** are binding on

27   **Plaintiffs** and all other **Class Members**, except those who timely and properly filed

28   Request for Exclusion Forms and whose names are listed as Attachment 1 to the

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

Error! Unknown document property name./Error!
Unknown document property name.                    4

[PROPOSED] FINAL JUDGMENT

1 Declaration of the **Claims Administrator** filed on_____, as well as their

2 heirs, executors and administrators, successors and assigns, and those terms shall have *res*

3 *judicata*, collateral estoppel and all other preclusive effect in all pending and future claims,

4 lawsuits or other proceedings, including all forms of alternative dispute resolution,

5 maintained by or on behalf of any such persons, to the extent those claims, lawsuits or

6 other proceedings involve matters that were or could have been raised in this **Action** or are

7 otherwise encompassed by the **Stipulation.**

8        16.    Pursuant to Part III.C. of the **Stipulation**, **Plaintiffs** and all **Settlement Class**

9 **Members** are deemed to have conclusively released all rights, claims, complaints or

10 causes of action against **SHIP** its parents, predecessors, all affiliates, subsidiaries, officers,

11 directors, agents, employees, and stockholders, arising out of, based upon or otherwise

12 related to the **Settlement Class Released Claims**, and forever discharging **SHIP** and the

13 **Released Parties** from all such rights, claims, complaints or causes of action.  Such

14 release of claims is effective as of _____.

15        17.    **Plaintiffs** and all **Class Members** and any person or entity acting on their

16 behalf, except those whose names are listed on Attachment 1 to the Declaration of the

17 **Claims Administrator**, are permanently barred and enjoined from (i) filing, commencing,

18 prosecuting, intervening in, participating in (as class members or otherwise), or receiving

19 any benefits or other relief from, any other lawsuit, in any state or federal court,

20 arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction

21 based on or relating to the claims and causes of action, or the facts and circumstances

22 relating thereto, asserted in the **Action** or otherwise related to the **Released Claims;** and

23 (ii) organizing such nonexcluded **Class Members** into a separate class for purposes of

24 pursuing as a purported class action (including by seeking to amend a pending complaint

25 to include class allegations, or by seeking class certification in a pending action) any

26 lawsuit based on or relating to the claims and causes of action, or the facts and

27 circumstances relating thereto, in this **Action.**

28

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

Error! Unknown document property name./Error!
Unknown document property name.

5

1    **18.**    The **Parties** are authorized, without further approval from the **Court**, to

2    agree to and to adopt such amendments, modifications and expansions of the **Stipulation**

3    and all exhibits attached thereto which (i) are consistent with this **Final Judgment**, and (ii)

4    do not limit the rights of **Class Members** under the **Stipulation**.

5    **19.**    The **Court** grants a **Class Representative Enhancements** award of

6    $_____ to be divided evenly among Earl Godhigh, Lisa Glass, Daniel Olivares, Sr.,

7    Cynthia Orozco, and Alan Bohn, for their time and effort in support of the **Action**.

8    **20.**    The **Court** grants **Plaintiffs' Attorneys'** request for an award of **Plaintiffs'**

9    **Attorneys' Fees** and **Plaintiffs' Expenses** in the amount of $_____.

10   **21.**    Without affecting the finality of the **Final Judgment**, the **Court** shall retain

11   continuing jurisdiction over the **Action**, and the **Parties** and **Settlement Class**, and the

12   administration and enforcement of the **Settlement**.  Any disputes or controversies arising

13   with respect to the enforcement or implementation of the **Settlement** shall be presented by

14   motion to the **Court**; provided however, that nothing in this paragraph shall restrict the

15   ability of the **Parties** to exercise their rights hereunder.

16   IT IS SO ORDERED.

19   Dated: _____      _____

20                                     JUDGE OF THE UNITED STATES
                                       DISTRICT COURT