# EXHIBIT C

1

2            **UNITED STATES DISTRICT COURT**

3           **NORTHERN DISTRICT OF CALIFORNIA**

4

| | |
|---|---|
| 5  EARL GODHIGH, an individual, LISA<br>   GLASS, an individual, DANIEL<br>6  OLIVARES, SR., an individual, CYNTHIA<br>   OROZCO, an individual, MARIA BRAGA,<br>7  an individual, ALAN BOHN, an individual,<br>   DESAREE GREEN, an individual, IRMA<br>8  STREET-MARTIN, an individual,<br>9          Plaintiffs,<br>10         vs.<br>11  SEARS HOME IMPROVEMENT<br>   PRODUCTS, INC.; a corporation,<br>12 <br>        Defendant. | Case No. C 09-765 SI<br><br>CLASS ACTION<br><br>[Assigned for all purposes to the Hon. Susan J. Illston]<br><br><br>[~~PROPOSED~~] **FINAL JUDGMENT** |

13

14       **[PROPOSED] FINAL ORDER AND JUDGMENT**

15     **A.**    On October 9, 2009, the **Parties**[1] to this class action reached a tentative

16 **Settlement** and they advised the **Court** of the **Settlement** on November 11, 2009.

17 Subsequently, the **Parties** submitted a detailed written **Stipulation** with attached Exhibits

18 A through E. On February 9, 2010, the **Court** preliminarily approved the proposed

19 **Settlement**. The **Court** directed the **Parties** to provide notice of the proposed **Settlement**

20 to the potential **Class Members** and scheduled a further hearing to determine whether the

21 proposed **Settlement** and request for **Plaintiffs' Attorneys' Fees** and **Plaintiffs' Expenses**

22 are fair, reasonable, and adequate.

23     **B.**    On June 18, 2010, the **Court** held the **Final Settlement Hearing** to

24 determine: (i) whether the **Action** should be finally certified as a class action solely and

25 exclusively for settlement purposes; (ii) whether the proposed **Settlement** should be given

26 _____

27 [1] The definitions for all capitalized, bold terms can be found in the Class Action

28 Stipulation of Settlement referred to herein as the "**Stipulation**."

Bryan Cave LLP<br>3161 Michelson Drive, Suite 1500<br>Irvine, Califoria 92612-4414

1  final approval as fair, reasonable and adequate as required by Federal Rule of Civil

2  Procedure 23(e)(2) and in the best interests of each of the **Parties** and the **Class Members**;

3  (iii) whether a final judgment should be entered as required by the **Stipulation** and Exhibit

4  E thereto; (iv) whether the **Class Members** should be bound by the release of claims set

5  forth in the **Stipulation**; (v) whether **Class Representative Enhancement** awards should

6  be made to **Plaintiffs** as set forth in Part III.I. of the **Stipulation**; (vi) the amount of

7  **Plaintiffs' Attorneys'** award of **Plaintiffs' Attorneys' Fees** and **Plaintiff's Expenses** not

8  to exceed 30% of $350,000 (e.g., $105,000); and (vii) any other matter that may be

9  relevant to the **Settlement**.  Michael Hoffman of Hoffman Employment Lawyers, LLP

10  appeared for **Plaintiffs** and the **Class**.  Julie E. Patterson of Bryan Cave LLP appeared for

11  **SHIP**.

12  **C.**    No putative class members timely requested exclusion from the **Settlement**

13  **Class** and no objections were filed with respect to the proposed **Settlement**.

14  **D.**    After reviewing the pleadings and evidence filed in support of the request for

15  final approval of the **Settlement** and the requests for awards of **Plaintiffs' Attorneys'**

16  **Fees, Plaintiffs' Expenses** and **Class Representative Enchancements**, and hearing the

17  attorneys for the **Parties**, the **Court** finds, and

18       IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

19  **1.**    The **Court** has personal jurisdiction over all **Class Members** and **SHIP**, and

20  the **Court** has subject matter jurisdiction to approve the **Stipulation** (including all Exhibits

21  thereto).

22  **2.**    The **Stipulation**, including the definitions applicable to the **Stipulation**, is

23  incorporated by reference into this **Final Judgment**.

24  **3.**    The **Court** finds that the **Stipulation** and proposed **Settlement** were reached

25  after arm's-length negotiations between the **Parties**, including a full-day mediation session

26  before an impartial, respected and experienced mediator; (ii) the proposed **Settlement** was

27  concluded only after counsel for the **Parties** had conducted adequate discovery and

28  investigation; and the **Settlement** of the **Action**,  as embodied in the terms of the

Error! Unknown document property name./Error! Unknown document property name.     2

**Stipulation,** is finally approved as fair, reasonable, adequate and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the California and United States Constitutions (including the due process clauses), Northern District Local Rules and any other applicable law, and in the best interests of the **Parties** and the **Class Members**.

4.     Solely for the purpose of settlement and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the **Court** finally certifies the following **Class**:

> All present and former employees of **SHIP** who were or are classified as In-Store Supervisors and employed by **SHIP** in the State of California during the **Class Period**.

5.     The above class is certified for settlement purposes only, and the certification should not be construed as an admission by **SHIP** with respect to any of the requirements of Federal Rule of Civil Procedure 23 or the allegations made against it in this **Action** by or on behalf of the members of the **Settlement Class**.

6.     The **Court** appoints Earl Godhigh, Lisa Glass, Daniel Olivares, Sr., Cynthia Orozco, and Alan Bohn as Class Representatives, and finds that they meet the requirements of Federal Rule of Civil Procedure 23(a)(4).

7.     The **Court** appoints Michael Hoffman of Hoffman Employment Lawyers, LLP as counsel for the **Class** pursuant to Federal Rule of Civil Procedure 23(c)(1)(B), and finds that counsel meets the requirements of Federal Rule of Civil Procedure 23(a)(4) and 23(g).

8.     The **Court** appoints Simpluris, Inc. as Claims Administrator.

9.     The **Court** finds that:

a.     the above-described **Class** contains members so numerous that the joinder of all of them is impracticable;

b.     there are questions of law or fact common to the above-described **Class**;

c.     the claims of the Class Representatives are typical of the claims of the

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

[PROPOSED] FINAL JUDGMENT

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

1    **Class** that **Plaintiffs** seeks to represent;

2            d.    the Class Representatives and **Plaintiffs' Attorneys** have fairly and

3    adequately protected the interests of the above-described **Class**.

4        **10.**    The **Court** further finds that certification under Federal Rule of Civil

5    Procedure 23(b)(3) is appropriate because:

6            a.    Questions of law or fact common to members of the **Class**, and which

7    are relevant for settlement purposes, predominate over the questions affecting only

8    individual members; and

9            b.    certification of the **Class** for settlement is superior to other available

10   methods for the fair and efficient resolution of the controversies between the **Class**

11   **Members** and **SHIP**.

12       **11.**    The **Court** does not make a finding as to the difficulties likely to be

13   encountered in the management of a class action pursuant to Federal Rule of Civil

14   Procedure 23(b)(3)(D) and is not required to make such a finding pursuant to <u>Amchem</u>

15   <u>Prod., Inc. v. Windsor</u>, 521 U.S. 591 (1997).

16       **12.**    The **Parties** and their counsel are ordered to implement and to consummate

17   the **Stipulation** according to its terms and provisions.

18       **13.**    The **Notice** and the notice methodology implemented pursuant to the

19   **Stipulation** constituted the best notice practicable under the circumstances, constituted due

20   and sufficient notice of the matters set forth therein to all persons entitled to receive notice,

21   fully satisfied the requirements of due process and Federal Rule of Civil Procedure 23, and

22   fully and satisfactorily advised potential **Class Members** of their rights to object to or to

23   exclude themselves from the proposed **Settlement**.

24       **14.**    The **Action** is dismissed on the merits and with prejudice, without an award

25   of fees, costs or expenses to any party except as provided in the **Stipulation**.

26       **15.**    The terms of the **Stipulation** and this **Final Judgment** are binding on

27   **Plaintiffs** and all other **Class Members**, except those who timely and properly filed

28   Request for Exclusion Forms and whose names are listed as Attachment 1 to the

Error! Unknown document property name./Error!    4
Unknown document property name.

1  Declaration of the **Claims Administrator** filed on  May 17, 2010  , as well as their

2  heirs, executors and administrators, successors and assigns, and those terms shall have *res*

3  *judicata*, collateral estoppel and all other preclusive effect in all pending and future claims,

4  lawsuits or other proceedings, including all forms of alternative dispute resolution,

5  maintained by or on behalf of any such persons, to the extent those claims, lawsuits or

6  other proceedings involve matters that were or could have been raised in this **Action** or are

7  otherwise encompassed by the **Stipulation.**

8        16.    Pursuant to Part III.C. of the **Stipulation**, **Plaintiffs** and all **Settlement Class**

9  **Members** are deemed to have conclusively released all rights, claims, complaints or

10  causes of action against **SHIP** its parents, predecessors, all affiliates, subsidiaries, officers,

11  directors, agents, employees, and stockholders, arising out of, based upon or otherwise

12  related to the **Settlement Class Released Claims**, and forever discharging **SHIP** and the

13  **Released Parties** from all such rights, claims, complaints or causes of action.  Such

14  release of claims is effective as of   June 18, 2010

15        17.    **Plaintiffs** and all **Class Members** and any person or entity acting on their

16  behalf, except those whose names are listed on Attachment 1 to the Declaration of the

17  **Claims Administrator**, are permanently barred and enjoined from (i) filing, commencing,

18  prosecuting, intervening in, participating in (as class members or otherwise), or receiving

19  any benefits or other relief from, any other lawsuit, in any state or federal court,

20  arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction

21  based on or relating to the claims and causes of action, or the facts and circumstances

22  relating thereto, asserted in the **Action** or otherwise related to the **Released Claims;** and

23  (ii) organizing such nonexcluded **Class Members** into a separate class for purposes of

24  pursuing as a purported class action (including by seeking to amend a pending complaint

25  to include class allegations, or by seeking class certification in a pending action) any

26  lawsuit based on or relating to the claims and causes of action, or the facts and

27  circumstances relating thereto, in this **Action.**

28

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

Error! Unknown document property name./Error!
Unknown document property name.                    5

[PROPOSED] FINAL JUDGMENT

**18.**    The **Parties** are authorized, without further approval from the **Court**, to agree to and to adopt such amendments, modifications and expansions of the **Stipulation** and all exhibits attached thereto which (i) are consistent with this **Final Judgment**, and (ii) do not limit the rights of **Class Members** under the **Stipulation**.

**19.**    The **Court** grants a **Class Representative Enhancements** award of $ _25,000.00_ to be divided evenly among Earl Godhigh, Lisa Glass, Daniel Olivares, Sr., Cynthia Orozco, and Alan Bohn, for their time and effort in support of the **Action**.

**20.**    The **Court** grants **Plaintiffs' Attorneys'** request for an award of **Plaintiffs' Attorneys' Fees** and **Plaintiffs' Expenses** in the amount of $ _105,000.00_.

**21.**    Without affecting the finality of the **Final Judgment**, the **Court** shall retain continuing jurisdiction over the **Action**, and the **Parties** and **Settlement Class**, and the administration and enforcement of the **Settlement**.  Any disputes or controversies arising with respect to the enforcement or implementation of the **Settlement** shall be presented by motion to the **Court**; provided however, that nothing in this paragraph shall restrict the ability of the **Parties** to exercise their rights hereunder.

IT IS SO ORDERED.

Dated: __6/18/10_____

JUDGE OF THE UNITED STATES
DISTRICT COURT

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414